UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

B & R SUPERMARKET, INC.
d/b/a Milam's Market #3, and
KIMZAY OF FLORIDA, INC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant B & R Supermarket, Inc. doing business as Milam's Market #3 and Defendant Kimzay of Florida, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant B & R Supermarket, Inc. (also referenced as "Defendant Supermarket," "tenant," "operator," lessee" or "co-Defendant") is registered in Florida as a for profit corporation and is the owner and operator of the Milam's Market #3 located at 2969 SW 32 Avenue, Miami, Florida 33133.

6. Defendant Kimzay of Florida, Inc. (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") is the owner of real property identified as Folio 01-4116-048-0010 which is a commercial strip mall.

**FACTS**

7. A portion of the commercial space encompassed within Defendant Landlord's strip mall is identified as 2969 SW 32 Avenue, Miami, Florida 33133. At all times material hereto, this portion of the strip mall has been leased to co-Defendant Supermarket (the lessee). The lessee in turn has operated Milam's Market #3 within that leased space.

8. Milam's Market is an upscale supermarket known for its high-quality produce, meats, baked goods, an international selection of grocery items. Milam's Market also sells flowers and prepared foods to go and has an outdoor seating area where customers can eat the prepared foods and baked goods that they have purchased from the supermarket.

Accordingly, Milam's Market #3 is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) since it is a as a bakery, a grocery store and an "other" sales establishment. Milam's Market #3 is also referenced as a "supermarket" or "place of public accommodation."

9.  At all times material hereto, Defendant Supermarket was (and is) a company owning and operating upscale supermarkets under the "Milam's Market" brand which are open to the public. Each of the Defendant's supermarkets (including Milam's Market #3 located at 2969 SW 32 Avenue) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of supermarkets which are open to the public, Defendant Supermarket is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. Due to the close proximity of Plaintiff's home to the 2969 SW 32 Avenue Milam's Market #3 location, on March 14, 2021 Plaintiff went to Milam's Market #3 with the intent of purchasing grocery items and prepared food which he had planned on eating at the outdoor dining tables provided for customers.

12. While Plaintiff purchased a prepared food to go, he was unable to enjoy dining at the outdoor dining tables because there is (was) no seating for persons who are handicapped and in a wheelchair.

13. Furthermore, when Plaintiff went to the restrooms within Milam's Market #3, he found multiple areas of inaccessibility due to the fact that he perambulates with the

assistance of a wheelchair.

14. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator/lessee of that supermarket (Defendant Supermarket) and by the owner/lessor of the commercial property which houses the supermarket (Defendant Landlord).

15. On information and belief, Defendant Supermarket is well aware of the ADA and the need to provide for equal access in all areas of its supermarkets. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Milam's Market #3 supermarket located at 2969 SW 32 Avenue is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As the owner of commercial real property which is operated as a supermarket open to the public, Defendant Kimzay of Florida, Inc. is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of a large commercial property being used as a public accommodation, Defendant Kimzay of Florida, Inc. is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public.

17. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize the Milam's Market #3 located at 2969 SW 32 Avenue, but continues to be injured in that he continues to be discriminated

against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited Milam's Market #3 in order to purchase groceries and prepared food and to enjoy the just purchased prepared food at the outside eating area provided to customers, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for

5

mobility, Plaintiff met architectural barriers when attempting to sit at the outdoor dining area to enjoy his meal and when he went to the restroom at the supermarket. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant Supermarket (lessee/operator of Milam's Market #3) and Defendant Landlord (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the supermarket, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Milam's Market #3 supermarket which is near Plaintiff's home.

26. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28. The commercial space which is owned by Defendant Landlord (owner/lessor) which houses Milam's Market #3 is operated by Defendant Supermarket (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Supermarket (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), failure to have permanently designated interior spaces without proper signage location. Signage is mounted on the door leaf without braille or raised characters violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. As to Defendant Supermarket (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty going through the door without been hit by the door, as it closes too fast.  Therefore Defendants have failed to provide a front entrance door which is accessible pursuant to the 2010 ADA Standards for Accessible Design, which is in violation Section 404.2.8.1 which states that door closers shall be adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and Section 404.2.8.2 which states that door spring hinges shall be adjusted so that from the open position of 70 degrees, the door shall move to the closed position in 1/5 seconds minimum.

iii. As to Defendant Supermarket (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), plaintiff was exposed to a

cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (outside the stall) which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

   iv.  As to Defendant Supermarket (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as it is missing pull handles, in violation of Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards of Accessible Design, as the toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch.

   v.  As to Defendant Supermarket (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), plaintiff could not use the soap dispenser outside the stall without assistance, as it is not mounted at the required location in violation of Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards of Accessible Design, and is in violation of ADA Code Section §606.1.

   vi.  As to Defendant Supermarket (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), failure to provide a hand towel dispenser located within reach of a disabled individual in wheelchair. The soap dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG. Further, 2010 ADA Standards for Accessible Design Section 308.2.1 states that the accessible height for a forward reach dispenser the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches),

the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. In this instant case, the towel dispenser is obstructed and is higher than the high forward reach violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 606.1 and Section 308.

vii. As to Defendant Supermarket (the lessee and operator) and Defendant Landlord (owner/lessor) (jointly and severally), the Milam's Market #3 outside dining area (with its tables and chairs affixed to the cement/ground) does not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32 of the ADAAG, and 2010 ADA Standards for Accessible Design Sections 226, 902, and 903, which requires that all dining areas, including outdoor seating areas be accessible in clear floor/ground space, size and height.

29. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Milam's Market #3 supermarket commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant Kimzay of Florida, Inc. (owner and lessor of the commercial property) and Defendant B & R Supermarket, Inc. (lessee and operator of Milam's Market #3 supermarket) and requests the following relief:

      a)      The Court declare that Defendants have violated the ADA;

      b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

      c)      The Court enter an Order requiring Defendants to alter the commercial property and Milam's Market #3 such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)      The Court award reasonable costs and attorneys' fees; and

      e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 12th day of April 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*